UNITED STATES DISTRICT COURT
for the Western District of Pennsylvania

United States of America, )
    v. )
Frederick Banks, )   04-CR-176
    Defendant )   03-CR-245

**FILED**
DEC - 5 2013
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

### Motion for Reconsideration of Order Revoking Supervised Release, and Motion to Modify Sentence

Defendant Frederick Banks, an American Indian ("Banks") moves the Court to reconsider its order revoking supervised release and moves to modify the imposed sentence. The Court erred as a matter of law and fact. Defendant represents:

1. On or about 11/25/13 the Court entered an oral order revoking Banks' supervised release. This motion applies to the oral order and any subsequent order. Banks objects to the Court's failure to prepare another Presentence Investigation Report in violation of Rule 32 of the Federal Rules of Criminal Procedure and Due Process. The Court refused to apply the Indian Canon of Construction in this case. See Banks v. U.S. Parole Comm'n __ Fed Appx __ (5th cir.) (citing County of Yakima v. Yakima Tribe & Band of Indians __ US __ ( ) (all rules, regulations, statutes, and Constitutional provisions are construed liberally in an Indian's favor with ambiguous provisions interpreted to their benefit); Also see Elk v. Wilkins __ US __ ( ) ("general acts of Congress do not apply to Indians unless they manifest an intent to include them") Also see Choate v. Trapp __ US __ ( ) (All statutes relating to Indians are to be liberally construed). The Court stated that Banks alleges to be an Indian yet the Federal Bureau of Prisons recognized and classified Banks as an American Indian. See bop.gov at Inmate Locator # 05711-068. The Court's blatant refusal to apply the Indian Canon to the issues in this case was incompetent and highly prejudicial. Banks is an Indian pursuant to the test outlined in USA v. Rogers __ US __ ( ); Also see St. Cloud v. United States (8th Dist) (continuing Rogers test to be 1) having a degree of Indian blood and 2) recognition by the government as an American Indian, makes one an Indian). The Court erred as a matter of law and fact. Banks' great grandmother was an enrolled member American Indian of the Sioux nation (Lakota); Banks' grand mother Maude Brown (nee Bennet) was full blood Lakota Sioux Indian (Interestingly Maude was married to a relative of John Brown, the abolitionist. Her husband was his grandson. They met and lived in west Virginia were Harpers Ferry was located.). Banks mother was 1/2 Lakota Sioux and Banks is 1/4 Lakota Sioux, a degree of Indian blood. Due Process was denied.

2. The Central Intelligence Agency (CIA) improperly influenced these proceedings using a technology called "voice to skull" and "microwave hearing" and non-lethal weaponry. The CIA office of Science and Technology Behavioral modification unit purposefully, willfully, knowingly and intelligently, used this technology to influence the Court's decisions unwittingly just as it experimented unwittingly against US citizens in Sims v. CIA __ F.2d __ (DC Cir.); CIA v. Sims 471 US 159 (1985); Orlikow v. United States, 682 F. Supp 77 (DC Col. 1988) at 79. All the Court would have had to do is examine the CIA's intelligence file on Frederick Hamilton Banks in camera. Instead it took the position that Banks' position was some psychotic episode which couldn't be further from the Truth. The reason Banks was diagnosed as a paranoid schizophrenic in the first instance was because the CIA was using this technology against him and he had no idea what it was so he reported it to BOP staff. When Banks got out of prison he was able to research and quickly found out through the internet (see nsa.gov search "voice to skull") what the technology was and who was utilizing it. The best way to describe the technology is the CIA using microwaves and electromagnetic waves can make a phone call or transmission directly to your brain. Each and every person has a

unique signature and the CIA uses this signature coupled with the person's unique signature to knowingly or unknowingly influence the person. In this case the CIA unwittingly influenced the Court, the Judge and the participants including Banks to serve the Executive Department's National Security Interests which was to get the most litigious inmate in the history of the United States, namely Banks, to stop suing the United States government and its agents and officials. The Court failed to investigate Banks' allegations and order the CIA to deliver its intelligence file for examination which was a denial of Fifth Amendment Due Process.

The technology exists and is very real (see wired.com search "Court to Defendant Stop Blasting that man's mind"). All the Court would have had to do is contact Jim Guest, a Republican member of the Missouri House of Representatives who according to the wired.com article "is working on proposed legislation to address electronic harassment including a bill against the forced implantation of RFID chips." All the Court would have had to do is contact the U.N (United Nations) which "is now taking the possibility of electromagnetic terrorism against people seriously." See Bail Hearing Government exhibit 2 Civil Complaint Banks v. An Unknown Named Number of U.S. Postal Inspectors. All of this information the Court had and brought into the Competency hearing of Banks. Instead of researching the allegations the Court admonished the Defendant and ordered a psych evaluation and the psych doctor Weinstein didn't even get Defendant's race right. He refers to Banks as an "African American". The Question is why won't this Court check into these allegations? The answer is simple, the CIA is using the technology to influence the Court to not examine these allegations unwittingly and unknowingly a violation of the Separation of Powers doctrine in the United States Constitution and the Due Process Clause. Banks filed a FOIA request to the CIA to retrieve the documents the CIA failed to furnish the information or respond to his request.

3. The CIA likewise influenced Banks' coworkers, managers and employer and Banks at his restaurant job which is another reason he resigned. If the CIA wouldn't have unlawfully used their technology to do this Banks' would have never have been violated in this case an abuse of power and a violation of Due Process and the First Amendment because the CIA influenced the employer and employees to discriminate against Banks because of his status as a Wiccan. The CIA is using unwittingly U.S. citizens by order of the Executive Department as its eyes and ears.

4. The Gain Capital evidence and telephone call should not have been utilized because Gain capital and forex.com are fraud companies that unlawfully and prematurely "Bottom Traders out" and "Bang the close" so that they can steal the money from the weary traders. Gain and the government could not explain how Banks could withdraw money from forex.com accounts when no money went into those accounts from First Niagra. Thus, the evidence is barred in this case and any subsequent proceeding by 18 USC § 3504 (Litigation concerning sources of evidence). A violation of Due Process.

5. The Aggravated Identity Theft charge cannot be supported because I have a right to confrontation and to cross examine adverse witnesses and I can't cross examine a deceased person. U.S. Const. Amend VI.

6. The U.S. Probation officer Ben Ornson and the Chief filed a bogus supplemental petition stating that Banks incurred credit charges. They also entered debit cards and a prepaid card and said they were credit cards. Because these charges had no merit they were withdrawn however the supplemental petitions were signed under an oath. Instead of sanctioning these probation officers or referring the matter for perjury charges the Court giggled and laughed with the probation officer at a sidebar. A violation of Due Process.

7. The government did not provide a copy of Corcoran's drivers license ID that Gain capital stated it used to open the account which was not an ID at all because there was no expiration date on it. They only used the ID copy found at Banks' residence that Banks had because Corcoran provided it as an employee to a manager for Hexagon Records. The Gain ID was not ID at all and therefore could not be used to show that Banks committed Aggravated Identity Theft. All a violation of USA v. Reed, 350 Fed Appx 675, 678 (3d Cir ___) Flores-Figueroa v. USA 556 US ___ (2009) There was no evidence to show that Banks knew that the Gain

8. The government charged an attempt see petition 18 USC § 1343 does not encompass attempts but only substantive charges. Attempt and Conspiracy is at 18 USC § 1349. The government mentioned in the transcripts during the revocation hearing that this was a "Conspiracy" yet it didn't charge or allege that Corcoran was involved only Banks. A Conspiracy requires two or more persons and the defendant knowingly and voluntarily joined in the conspiracy and a member of the conspiracy performed an overt act for the purpose of advancing the conspiracy. A In violation of USA v. Reed, 350 Fed Appx 675 (3d Cir 2009) and USA v. Milton, Crim No. 08-760, 2009 U.S. Dist LEXIS 49643 (E.D. Pa. June 11, 2009).

9. There is no authority in the 3rd circuit that "another person" in 18 USC § 1028A applies to a deceased person. This statute is ambiguous as to this. The Indian Canon of Construction should have been applied but the Court refused to do so. A complete denial of Due Process.

10. Corcoran's Id Copy regardless if it has his birthdate on it or not is not a valid proof of an identification document of another because at the time of the alleged offense it was expired. An expired Copy of an Id driver's license is not valid for use as an identification document in the Commonwealth of Pennsylvania, New Jersey or any other state. The Court failed to consider this in violation of the Due Process clause.

11. The orders issued in this case were not signed and sealed by the clerk in violation of 28 USC § 1691 (Stating "all writs and process issuing from a Court of the United States shall be under the seal of the Court and signed by the clerk thereof.") An order of Court is process. See Leas & McVitty v. Merriman 132 F. 510 (CCD Va 1904); In re Simon, 297 F. 942 (2d Cir. 1924) (word "process" meant order of Court, although it could be issued by clerk).

12. The return in this case of the arrest warrant(s) was not filed with the clerk of Court in violation of the Due Process clause and Federal Rule of Criminal Procedure 4. The return of process is not a trivial formulae document, Frazier v. Dikovitsky, 144 S.W. 3d 146 (Tex App. Texarkana 2004); but instead is essential to a valid service of process. Roth v. Syracuse Housing Authority, 2002 W.L. 31962630 (N.Y. Sup. 2002). The fact that the preparation and filing of a return of service was entrusted to an attorney does not operate as a justification or excuse for failure to file the return. USA v. Kroll, 547 F.2d 393 (7th Cir. 1977).

13. FBI confiscated my Ferrari 355 and refused to return it in violation of the Motion for Return of Property order of this Court. I saw the Ferrari with my own eyes parked behind the FBI building on the Southside yet the FBI claimed it did not have the vehicle. At the sentencing hearing the US Probation Officer Ben Orrison under oath stated that the Ferrari was a kit car built on a Pontiac Fiero chassis a fact that I never told him. Thus he received this information from the FBI who still have the vehicle. A violation of Fifth Amendment Due Process.

14. The search warrant in the related Grand Jury matter was not returned. Instead of receiving a copy of the warrant and Inventory from the Judge I only received a copy of the Inventory from the FBI agent a violation of Fed R. Crim. Proc. 41(f)(1)(C).

17. The government did not enter any evidence to show the statements via telephone again allegedly relied upon were material to a wire fraud scheme to defraud and materiality is an element of 18 USC § 1343 wire fraud See Neder v. United States __ US __ ( ). The government could not show who signed the account forms authorizing the opening of the accounts under Fred & Freddie Banks. The Court allowed the government to enter Gain Capital evidence including a Telephone conversation without having a Gain Capital representative in violation of my right under the Confrontation clause. I received no money from the alleged wire fraud and thus did not deprive money or property from another. The phone conversation did not mention First Niagara Bank, Gain Capital or forex.com, reference any account numbers at the Bank or even mention defendants First or last name, his mothers last name, fathers name nor Adam Corcoran nor he to the primary phone number at issue 515-9670. The

number provided to Petitioner states Banks impersonated his "father" but none of the evidence cited to Banks father but instead his mother therefore Banks is actually innocent of the allegations in the petition. The Court erred as a matter of law and fact in considering this. The cyber source merchant Id transactions reference "forex" (foreign exchange markets) which is a general term, they do not tie to forex.com or gain capital. The government stated that the Gain exhibits were provided as responses by Gain Capital to Grand Jury subpoenas but never produced those subpoenas for examination by Banks so he could contest them. The answer to the Account online applications what city were you born in did not match the amount of letters in Pittsburgh where I was born. The petition alleges that "the defendant allegedly opened a new account under his fathers name Freddie Banks is not his fathers name Government Exhibit 7 states the defendant worked at Hexagon records for 14 years yet he was incarcerated in 2004 and Hexagon Records was not incorporated until 2002 and began in 1999. Defendant was employed at Hexagon Records for five years not 14. Government Exhibit 18 from Eureka Bank states "no accounts related to Mr. Banks". It does not mention any first name to confirm the identity of the defendant. There is nothing on Government Exhibit 4 to show if the transactions were indeed outgoing or even incoming. Government Exhibit 6 does not have any persons name on it including defendants. Government Exhibit 8 has no name on it nor does it show if the transactions were incoming or outgoing. The IP address on the front subpoena for Clear Communications list 1812 East Carson Street, a different address than defendants. Government Exhibit 17 shows that the First Niagara account # did not process one Gain Capital transaction yet alone 70 as the government claimed. Moreover, the secure online applications do not contain dates thus it cannot be said that the Gain accounts were opened on August 19, 2013 and August 22, 2013 as the petition alleged. Government Exhibit 19 shows deposits of Zero and a balance of zero from First Niagara. Exhibit 16 shows a different phone #.

15. I had lawful authority to possess Corcorans photo Id copy as a former employee of Hexagon Records. Thus, the 18 USC § 1028A elements cannot be met (aka "without lawful authority") A violation of Due Process.

16. At the bail hearing the government used the mental examination of Dr. Weinstein and my civil complaint and reply/objections to a report and examination which Weinstein's report cited to to state a position for denial of Bail in violation of Federal Rule of Criminal Procedure 12.2(c)(4) (mental examination inadmissibility of a defendant's statements. Stating that "no statement made by a defendant in the course of any examination conducted under this rule (whether conducted with or without the defendants consent) no testimony by the expert based on the statement, and no other fruits of the statement may be admitted into evidence against the defendant in any criminal proceeding except on an issue regarding mental condition on which the defendant... (then it provides two non applicable sections), a violation of the Fifth Amendment Due Process clause.

17. The government stated that Banks had multiple computers and tablets and asked Ben Orrison where Banks got the money to purchase these items. Orrison stated he did not know. Banks did not have to inform Orrison of the purchase of these items because the affidavits he submitted monthly to Orrison advised that Banks was required to only inform him on items purchased that costs more than $1500 and the Toshiba computer for example was a $130.00 item that Banks bought in an Ebay online auction. None of the items costs more than $500.00. Banks did inform Orrison about several of the items when he didn't have to including the Acer and Apple Computers (The Apple Computer was a computer that was confiscated by the U.S. Postal Inspectors in 2004 and returned to Banks by order of this court. Banks lived off his Hexagon income and an insurance check he received for his stolen vehicle. This check was not income but substitute proceeds so Banks wasn't required to report it. Banks restored his utilities yet the Court stated that he had utility issues. Banks never gave a dirty urine, never missed an appointment with probation, declined to attend a job fair program because he was employed and worked on those days and he submitted to U.S. Probation office searches at his residence yet the Court stated he was unsupervisible. The only reason Ben the Court did not allow Banks to be put back on supervised release was because Banks filed lawsuits against him to challenge what he deemed were violations of his Constitutional Rights. A violation of Banks Due Process.

4 of 6

18. Banks took multiple alcohol programs while incarcerated, performed a band, took classes, went to college, taught a Japanese class and ran the Wiccan group yet the Court failed to consider this post sentence rehabilitation. Banks volunteered at the Salvation Army when he was released and while at the halfway house yet the Court failed to consider this activity. Banks was diagnosed with a mental defect yet the Court failed to consider this in violation of Due Process. Banks requests that the Court modify his sentence to a term of 8 months to be served in a community corrections center or on home confinement and or to vacate its order revoking supervision and continue the supervised release in this case. A hearing should be held on this motion. The court should not make a recommendation that the sentence imposed run consecutive to any other sentence to be imposed.

Wherefore, the foregoing motions should be granted. A hearing should be held, along with all other requested or warranted relief. The Court should alter its order to recommend that defendant take the 500 hour Residential Drug Abuse Program. Defendant also requests that 12 of the 14 months of imprisonment that the court order and recommend that it be served in a Community Corrections Center, namely the Renewal Center.

Respectfully Submitted,

Frederick Banks
#05711068
NEOCC
2240 Hubbard Road
Youngstown, OH 44505

DEFENDANT

Certificate of Service

I hereby certify that on this 26th day of November, 2013 I served a true and correct copy of the foregoing by mail delivery upon the following:

Office of the U.S. Attorney
U.S. Courthouse
700 Grant Street
Pittsburgh, PA 15219

Frederick Banks