# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 03-245 |
| ) | Judge Nora Barry Fischer |
| FREDERICK H. BANKS, ) | |
| ) | |
| Defendant. ) | |

## ORDER OF COURT

AND NOW, this 8th day of October, 2014, upon consideration of the Court's March 25, 2014 Order of Court, wherein the Court stayed the petitions on supervised release pending a ruling by the Court of Appeals on Defendant Frederick Banks' appeal of the Judgment entered against him for supervised release violations at Criminal Number 04-176, the subsequent Orders of this Court, including the most recent Order of August 5, 2014 denying certain motions filed by Defendant Banks, (Docket No. [630]), and the various motions, objections, reply and other pleadings filed by Defendant Banks during the period subsequent to the Court's issuance of the August 5, 2014 Order, (Docket Nos. [633], [636], [637], [638], [642], [643], [645], [647], [649], [650], [660], and the responses and Status Reports filed by the Government, (Docket Nos. [640], [641], [657], [659]),

IT IS HEREBY ORDERED that Defendant Banks' Motions (Docket Nos. [636], [637], [638], [642], [643], [645], [649], [650], [651], [652]), are DENIED, as follows:

1. Defendant's Motion to Disqualify the U.S. Attorney's Office [636] is DENIED for the same reasons the Court set forth in its August 5, 2014 Order. (*See* Docket No. [630]).

2. Defendant's Motions [636], [637], [649], [650] are DENIED, as partially moot and

without prejudice insofar as he seeks to invoke 28 U.S.C. § 2255 in an effort to challenge the effectiveness of his appellate counsel during his appeal of the Judgment entered against him at Criminal No. 04-176 and also to supplement the pleadings he has filed to pursue such a § 2255 petition in that case. Such motions are moot to the extent that Defendant provides argument concerning his appellate counsel because this Court has granted him leave to withdraw as standby counsel in this case. (Docket No. [635]). Further, this Court is not presiding over the § 2255 proceedings related to Criminal No. 04-176.

3. Defendant's Objections [633] to the proceedings at Criminal No. 03-245, and his Motions to Dismiss [638], [645] are denied to the extent that Defendant challenges the stay order entered by this Court as the Court believes that the stay remains appropriate as Defendant has filed a petition for rehearing with the Court of Appeals which remains pending and a Mandate has not been issued in that case. In addition, the Court of Appeals recently denied yet another petition for writ of mandamus filed by Defendant challenging, in part, this Court's stay Order. *See In re: Frederick H. Banks*, Appeal No. 14-3601 (3d Cir. Oct. 2, 2014). To the extent that Defendant advocates in support of his petition for rehearing [650] before the Court of Appeals, the same is also DENIED.

4. Defendant's Motion to Dismiss [638] is DENIED insofar as he claims that the violation petitions should be dismissed based on Magistrate Judge Eddy allegedly presiding over his initial appearance and preliminary examination despite having a conflict of interest due to her representation of another individual who was a witness against him in the underlying case at Criminal No. 03-245. As pointed out by the

Government in its Response, the Court's records indicate that Magistrate Judge Baxter presided over these proceedings. (Docket Nos. 545, 546). Hence, there is no basis for dismissal. For the same reason, there is no basis for Defendant's request for a transcript of such proceedings to be produced at taxpayer's expense, particularly as Defendant has not supplied the Court with the necessary CJA 24 Form and has set forth no other basis for the requested transcripts.

5. Defendant's Motion for Preparation of a Presentence Investigation Report [651] is DENIED as the United States Court of Appeals for the Third Circuit has held that a new presentence investigation report is not required in revocation proceedings. *See United States v. Barnhart*, 980 F.2d 219, n.5 (3d Cir. 1992) ("we decline to require yet another presentence report upon revocation of probation."); *see also United States v. Castelli*, 550 F. App'x 91, 94 (3d Cir. 2014) (Rule 32(e)(3) "applies only to sentencing following a conviction by a verdict or plea, not to sentencing in connection with revocation proceedings").

6. Defendant's Motions [649], [652] are DENIED to the extent that he seeks discovery from the Government about the CIA and/or any warrants as Government counsel has asserted, as an officer of the court, that there are no such warrants.

7. Defendant's Motions [642], [643], [648] seeking to challenge the forfeiture orders, restitution orders and other aspects of the initial criminal judgments in Criminal No. 03-245 and Criminal No. 04-176 are DENIED.

8. Finally, the parties are advised that, at the appropriate time, the Court will issue an Order scheduling a violation hearing in this matter and setting forth the procedures for same, including for the Government's submission of the record from the

proceedings at Criminal Number 04-176, upon which it has asserted it intends to rely at the violation hearing and any necessary briefing. At the time of the hearing, Defendant will be provided with the opportunity to present any argument and/or evidence as to the violations and to present any information in mitigation of any sentence to be imposed by the Court. The Court's prior Order directing the Government to file periodic status reports remains in full force and effect.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record
Assistant U.S. Attorney Robert Cessar

cc: Frederick H. Banks
USMS # 05711068
North East Ohio Correctional Center
2240 Hubbard Road
Youngstown, OH 44505
(via first class mail)