BLD-008                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1877
_____

UNITED STATES OF AMERICA

v.

FREDERICK H. BANKS,
                    Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2-03-cr-00245-001)
District Judge: Honorable Nora B. Fisher
_____

Submitted for Possible Summary Action Pursuant
to Third Circuit LAR 27.4 and I.O.P. 10.6 and for a
Decision on the Issuance of a Certificate of Appealability
October 9, 2014
Before: AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: October 15, 2014)
_____

OPINION
_____

PER CURIAM

    Frederick H. Banks was convicted on charges of mail fraud and criminal copyright infringement (among others), and we affirmed. See United States v. Vampire Nation, 451 F.3d 189, 209 (3d Cir. 2006). The District Court later denied Banks's motion

challenging his convictions and sentence under 28 U.S.C. § 2255, and we denied a certificate of appealability ("COA").  (C.A. No. 06-3671.)

Since then, and by our count, Banks has filed over sixty other motions and petitions with the District Court, and those filings have generated at least seventeen appeals.  Some of those filings have been addressed to issues concerning the revocation of Banks's supervised release, the status of which is summarized in the margin.[1]  Most of those filings, however, have been addressed to issues related to Banks's underlying convictions and sentences.

Banks has filed, for example, numerous motions and petitions arguing that the evidence against him was fabricated and that the District Court lacked jurisdiction over him for one reason or another.  He has also filed motions and petitions seeking monetary damages from virtually everyone involved in his criminal investigation and prosecution.  The District Court denied each of these petitions and motions, and we have summarily affirmed and/or denied a COA in each resultant appeal.  See, e.g., United States v. Banks, 372 F. App'x 237, 242 (3d Cir. 2010); United States v. Banks, 351 F. App'x 608, 610 (3d Cir. 2009).

At issue here is a motion that Banks captioned in part as a "motion to dismiss for

---

[1] Banks was convicted of additional charges of mail fraud in the separate proceeding at W.D. Pa. Crim. No. 2-04-cr-00176-001.  Banks was released from prison into supervised release on May 14, 2013, but, after he continued to commit acts of fraud, the District Court revoked his supervised release in his 2004 proceeding and sentenced him to prison, where he remains.  In the proceeding at issue here, the District Court has stated that it

lack of subject matter jurisdiction" and whose caption invokes mandamus and habeas corpus as well. Banks argued that (1) "[a]ll of the evidence in this case was completely fabricated"; (2) the Government lacked the authority under 28 U.S.C. § 547(4) to institute his prosecution; (3) he was subject to an illegal arrest, search and seizure in violation of the Fourth Amendment; (4) the District Court violated his equal protection rights; (5) the indictment was procured by fraud; (6) his current detention is illegal; and (7) the District Court's judgment of forfeiture was unauthorized. For relief, Banks requested immediate release from prison and damages in the amount of $5,000,000. The District Court denied the motion on the grounds that, as it and we have explained to Banks before, the District Court has jurisdiction over him and civil claims for monetary relief are not appropriately asserted in this criminal action. Banks appeals.

    We agree with the District Court that Banks was not entitled to relief. To the extent that Banks's claims seek relief from his judgment of conviction, they constitute § 2255 "claims." Cf. Gonzalez v. Crosby, 545 U.S. 524, 531 (2005). As we previously advised Banks, the District Court lacks jurisdiction to consider such claims in the absence of this Court's authorization under 28 U.S.C. §§ 2244 and 2255(h) to proceed with a second or successive § 2255 motion. See Banks, 351 F. App'x at 609 (citing United States v. Miller, 197 F.3d 644, 649 (3d Cir. 1999)). Banks asserts in his notice of appeal that he never previously raised the second of the claims set forth above. We will assume

---

intends to schedule a supervised release violation hearing at an appropriate time. (ECF No. 630.)

3

that Banks is correct, but the fact remains that he requires our authorization to do so now. We decline to construe Banks's notice of appeal as an application for such authorization because this claim is not based on new law or new facts and thus does not satisfy the § 2244/2255(h) standard.  We further note that the claim is frivolous.[2]  Finally, as we also previously advised Banks, the District Court properly rejected his attempt to assert civil claims for damages in this criminal case.  See Banks, 351 F. App'x at 609.

For these reasons, we will affirm the judgment of the District Court.  To the extent that a COA may be required, a COA is denied.

---

[2] The statute on which Banks relies authorizes United States Attorneys to seek the "collection of fines, penalties, and forfeitures incurred for violation of any revenue law," 28 U.S.C. § 547(4), and Banks argues that the prosecutor was not authorized to seek a judgment of forfeiture in his case because he was not charged under a "revenue law." "Revenue laws" aside, however, the statute also confers broad authority on the United States Attorneys to "prosecute for all offenses against the United States."  28 U.S.C. § 547(1).  Banks's crimes were "offenses against the United States," he was prosecuted and convicted for those crimes, and the prosecutor was authorized to seek any remedy— including forfeiture—authorized by law.